IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUACY TOM WRIGHT,<br>   Petitioner, | )<br>)<br>) |
| | )    CIVIL ACTION NO.<br>)    1:23-00445-CG-N |
| v. | )<br>) |
| | )    CRIMINAL ACTION NO.<br>)    1:07-00079-CG-N-1 |
| UNITED STATES OF AMERICA,<br>   Respondent. | )<br>) |

## REPORT AND RECOMMENDATIONS

This action is before the Court[1] on three items filed by Petitioner Quacy Tom Wright: (1) a November 22, 2023 filing entitled "Fraud on the Court/Void Judgment/Ineffective Assistance/Brady Violation" that was originally docketed as a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 102),[2] (2) a motion to correct the record (Doc. 103), wherein Wright explains he does not seek habeas relief under § 2255, but instead, seeks a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), and (3) a motion to compel discovery from the government. (Doc. 105).

The undersigned **RECOMMENDS** Wright's motion to correct the record (Doc. 103) be **GRANTED**, and that the Court construe Wright's filing (Doc. 102) in the manner he requests, as a petition seeking a writ of error coram nobis. So construed, Wright fails to establish he is entitled to the relief sought, and for the reasons stated

---

[1] The assigned District Judge referred Wright's filings to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/27/2023, 1/2/2024, 3/4/2024 elec. refs.).

[2] All "Doc." citations herein refer to the docket of the above-noted criminal action.

1

herein, the undersigned **RECOMMENDS** Wright's petition for a writ of error coram nobis (Doc. 102) be **DISMISSED with prejudice**. In accordance with this recommendation, the undersigned further **RECOMMENDS** Wright's motion to compel discovery (Doc. 105) be **DENIED as moot**.

## I.  *Background*

The record from the underlying criminal case, *USA v. Wright et al.*, Crim. Action No. 1:07-cr-00079-CG-N-1 (S.D. Ala.), indicates Wright entered into a plea agreement with the government on June 21, 2007 as to Counts 1 and 3 of the indictment (Doc. 1) charging violations of 21 U.S.C. § 846 (conspiracy to possess controlled substance with intent to distribute) and 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking offense), respectively. (Doc. 40). A hearing was held on the plea, which was accepted by the Court on June 21, 2007. (Doc. 41). A judgment of conviction was imposed March 24, 2008, and Wright was sentenced to a term of 65 months' imprisonment in addition to a five-year period of supervised release with conditions. (Doc. 70). The government also sought forfeiture of approximately $10,783.00 in cash, a vehicle and one handgun, which was granted, and a final judgment of forfeiture was entered January 5, 2009. (Docs. 74, 75, 76).

After Wright began his term of incarceration, the record reveals several letters requesting documents from the Court (Docs. 83, 84, 85), a *pro se* "Petition for Leave to Obtain Billing Cost of Court Case and Copy of Miller Act Bonds," which was denied (Docs. 86, 87), and a *pro se* petition for sentencing modification pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 88). By order dated April 15, 2010, the undersigned found the

"narrow exception" of 18 U.S.C. § 3582(c)(2) was inapplicable to Wright's case and explained "[i]t appears that Petitioner's claims are cognizable, if at all, only pursuant to a Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255." (Doc. 89). After identifying those claims potentially raised,[3] the undersigned entered the following directive:

> Accordingly, it is hereby ORDERED that, no later than May 17, 2010, petitioner Wright may submit a Motion pursuant to § 2255 on this court's form for such motions, which shall contain all claims he may have. If Petitioner fails to submit a § 2255 motion, the undersigned will recommend that the court deny his § 3582 motion.

(Doc. 89, PageID.304).

Wright did not file a § 2255 motion, and a Report and Recommendation ("R&R") was entered June 14, 2010, recommending Wright's § 3582 motion be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power to manage its docket. (Doc. 90).[4] Wright did, however, file a "Statement of Objection Response" to the R&R, which largely reiterated the grounds raised by the § 3582 motion. (Doc. 91). After reviewing Wright's objections *de novo*, the Court adopted the

---

[3] The Court found the potential grounds raised to be: "(1) a violation of Separation of Powers, in that the Probation Office was exercising authority of the Judicial Branch; (2) a violation of the Sixth Amendment [citing U.S. v. Booker, 543 U.S. 220 (2005)]; (3) Sentencing Reform Act of 1984 is unconstitutional; (4) a violation of Fed. R. Crim. P. 32, in that the pre-sentencing report enhanced the sentence; and (5) a double jeopardy violation." (Doc. 89, PageID.303).

[4] *Accord. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (unpublished) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.'" (citation omitted)). *See also*, Rule 12 of the § 2254 Rules ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

R&R without alteration by order dated June 30, 2010, and judgment dismissing the motion without prejudice was entered this same day. (Docs. 93, 94).

Wright filed nothing further with the Court until March 24, 2016, when he requested the docket sheet for the underlying criminal action. (Doc. 100). Not until August 25, 2023 would the Court hear from Wright again – on this date, he filed a document entitled "Request for Production of Documents," construed as a letter to the Court, seeking certified copies of various documents from the criminal case. (Doc. 101). The Clerk of Court responded to Wright's request by informing him that "[t]he documents you requested are not present in your criminal case in our court," sent him a copy of the docket sheet from the criminal action and requested Wright "identify which specific publicly available items [he] would like to receive copies of." (Doc. 101-1). No response to the Clerk's letter was received. The operative petition seeking a writ of error coram nobis followed. (Doc. 102).

## II.    *Writ of Error Coram Nobis Relief*

Federal courts are authorized to issue writs of error coram nobis pursuant to the All Writs Act. 28 U.S.C. § 1651. Writs of error coram nobis are "an extraordinary remedy of last resort only available in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1202 (11th Cir. 2000) (citation omitted). Such a writ is only "available to vacate a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).[5] Moreover, a court's review of a coram nobis petition is "limited

---

[5] The record indicates Wright has completed his sentence, such that a coram nobis writ is at least theoretically available to him.

4

to the review of errors 'of the most fundamental character.'" *Mills*, 221 F.3d at 1202 (citation omitted). *See id.* (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)) (noting "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence" are not errors of the most fundamental character). *See Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989) (finding "[a] claim of newly discovered evidence relevant only to the guilt or innocence of the petitioner is not cognizable in a coram nobis proceeding") (footnote omitted)).

In general, a writ of this type "offers the remedy of vacating a conviction because of the lingering results of convictions, including implications for civil rights or heavier penalties for subsequent offenses." *United States v. Ireland*, 2023 U.S. App. LEXIS 5063, *3-4 (11th Cir. Mar. 2, 2023) (per curiam). The *Ireland* panel explains:

> The writ [of error coram nobis], however, may only issue when (1) "there is and *was* no other available avenue for relief" and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani* [*v. United States*] 200 F.3d [732, 734 (11th Cir. 2000)] (emphasis added). Moreover, a district court may consider a coram nobis petition only where the petitioner presented sound reasons for failing to seek relief earlier. *United States v. Morgan*, 346 U.S. 501, 512, 74 S. Ct. 247, 98 L. Ed. 248 (1954).

2023 U.S. App. LEXIS 5063 at *4. *See United States v. Yadigarov*, 840 F. App'x 487, 490-91 (11th Cir. Jan. 8, 2021) (per curiam) (affirming dismissal of § 1651 petition where petitioner failed to pursue previously available avenues for relief and failed to provide sound reasons for such failure).

### III. *Discussion*

Wright's petition contends, in sum, that the Assistant United States Attorney ("AUSA") who secured an indictment against him in 2007 conspired with his appointed trial counsel "to commit fraud upon the court and breach of public trust without due process" and "conspired with malice to withhold material exculpatory evidence favorable to my defense and innocence for personal gain." (Doc. 102). Wright also alleges he was subjected to a warrantless search without probable cause on March 23, 2007, at the home of Adriane Preyear, a co-defendant in the underlying criminal action, because the warrant issued by a Monroeville Municipal Court was "fabricated by agents of the 35th Judicial Task Force." (*Id.*). He goes on to allege his appointed counsel was ineffective, contends the warrantless search violated his rights, that this violation of his rights resulted in his plea being coerced, and demands that his judgment of conviction be "ordered null and void ab initio." (*Id.*).

While Wright makes plain is his petition that he believes errors occurred during his criminal case, he has not demonstrated that he is entitled to relief in the form of the writ he seeks.

First, Wright has not made a showing that the errors he claims are "of the most fundamental character." *Morgan*, 346 U.S. at 512. While it is difficult to identify from the petition exactly what errors Wright alleges, or how they affect the now-concluded sentence he contends is "null and void ab initio," viewed in the light most favorable to him, he appears to raise claims relating to ineffective assistance of counsel, a purported conspiracy between his appointed counsel and the AUSA prosecuting his

case, and an allegedly unlawful search and seizure. (Doc. 102). The undersigned need not delve into whether such errors are "fundamental" for these purposes, because Wright plainly fails to make a showing of entitlement to relief with respect to timing and reasoning.

As the *Ireland* panel notes, a coram nobis writ of this type is only available "when there is and *was* no other available avenue for relief." 2023 U.S. App. LEXIS 5063 at *4 (emphasis in original). *See Yadigarov*, 840 F. App'x at 490 (finding coram nobis relief unavailable when "[t]here was an available avenue of relief for the claim [petitioner] seeks to vindicate; he simply failed to pursue it."). There is no indication in the record that the arguments advanced by Wright were unavailable to him in the past. Indeed, it appears each of these arguments could have been raised in a § 2255 petition while he was in custody, but no such petition was filed. This failure is especially notable given that this Court pointed out the availability of potential relief in the form of a § 2255 motion as early as April of 2010. (*See* Doc. 89, PageID.304).

Relatedly, the *Ireland* panel echoes a central holding of the *Morgan* Court with respect to a threshold consideration for any coram nobis petitioner: "a district court may consider a coram nobis petition only where the petitioner present[s] sound reasons for failing to seek relief earlier." 2023 U.S. App. LEXIS 5063 at *4 (citing 346 U.S. at 512). Wright's petition gives no reason why he did not seek relief for these alleged errors at an earlier date, let alone the "sound reasons" which precedent requires be demonstrated. *See also, Yadigarov*, 840 F. App'x at 491.

7

## IV. *Conclusion*

Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS**:

- That Wright's motion to correct the record (Doc. 103) be **GRANTED**, and that the Court construe his filing dated November 22, 2023 (Doc. 102) as a petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651;

- So construed, that Wright's petition (Doc. 102) be **DISMISSED with prejudice** for the reasons stated herein;

- And that, as a result of the prior recommendations, Wright's motion to compel discovery (Doc. 105) be **DENIED as moot**.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Wright at the address on file.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 17th day of April 2024.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
